IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 16-mc-0055-WJM-CBS

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.

CENTURA HEALTH,

    Respondent.

---

**ORDER OVERRULING OBJECTION TO MAGISTRATE JUDGE'S NONDISPOSITIVE ORDER**

---

In this matter, the United States Equal Employment Opportunity Commission ("EEOC") seeks to enforce an administrative subpoena issued to Centura Health ("Centura"). (*See generally* ECF Nos. 1, 2.) Currently before the Court is Centura's Objection to Magistrate [Judge] Shaffer's September 1, 2017 Order ("Objection"). (ECF No. 51 (objecting to ECF No. 49).) For the reasons set forth below, the Court overrules the Objection. Centura must produce the remaining documents within thirty days.

## I. LEGAL STANDARD

When reviewing an objection to a magistrate judge's non-dispositive ruling, the Court must affirm the ruling unless it finds that the ruling is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Ariza v. U.S. West Commc'ns, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996). The clearly erroneous standard "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v.*

*Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (internal quotation marks omitted). The "contrary to law" standard permits "plenary review as to matters of law," *see* 12 Charles Alan Wright *et al.*, Federal Practice & Procedure § 3069 (2d ed., Apr. 2017 update), but the Court will set aside a magistrate judge's order only if it applied the wrong legal standard or applied the appropriate legal standard incorrectly, *see Wyoming v. U.S. Dep't of Agric.*, 239 F. Supp. 2d 1219, 1236 (D. Wyo. 2002). In short, "[b]ecause a magistrate judge is afforded broad discretion in the resolution of non-dispositive . . . disputes, the court will overrule the magistrate judge's determination only if his discretion is abused." *Ariza*, 167 F.R.D. at 133.

## II. BACKGROUND

Between February 2011 and October 2014, the EEOC received eleven discrimination charges against Centura. (ECF No. 2 at 3–6.) These charges spanned six Centura medical facilities in Colorado and claimed violations of the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), and Title VII of the Civil Rights Act of 1964. (*Id.*) All eleven charges contained common allegations particularly of failure to accommodate, or of discipline and termination, in violation of the ADA. (*Id.*)

In December 2014, the EEOC issued an administrative subpoena to Centura, requesting information and documents under eighteen headings (with most headings also broken into multiple sub-headings). (ECF No. 2-49.) Centura complied with certain parts of the subpoena but refused to comply with items 1–9, 10(a), 11–12, 15(d), and 18. The EEOC therefore sought an order compelling Centura to comply with those portions of the subpoena.

2

This Court granted the EEOC's requested relief in part. Specifically, as relevant here, the Court found that there was no real dispute over many of the subpoena items (specifically, 1–8, 10(a), 11(a), 12(a), and 18(a)–(d)), and so the Court ordered Centura to produce the documents requested under those items. (ECF No. 20 at 3–4.) As to the remaining items (9, 11(b), 12(b), 15(d), and 18(e)), the Court found a more significant dispute because Centura claimed that these items were irrelevant and that gathering the requested information would present an undue burden.

As to relevance, Centura argued that the EEOC's requests were in the nature of a pattern-or-practice investigation, not an investigation of individual charges, yet the EEOC had not issued a pattern-or-practice charge. Thus, said Centura, the EEOC should not be permitted to perform a pattern-or-practice investigation in the guise of investigating multiple charges of discrimination, which Centura insisted bore no resemblance to each other. (ECF No. 13.) This Court ultimately disagreed:

> The Court finds that this information is relevant to the EEOC's investigation, particularly given the number of ADA charges the EEOC has received and the widespread geographic distribution of those charges. *See EEOC v. Shell Oil Co.*, 466 U.S. 54, 68–69 (1984) ("courts have generously construed the term 'relevant' and have afforded the Commission access to virtually any material that might cast light on the allegations against the employer"; "it is crucial that the Commission's ability to investigate charges of systemic discrimination not be impaired").

(ECF No. 20 at 4–5.)

As to Centura's undue burden claim, the Court found a factual dispute on the question of the format in which Centura keeps the requested data and the amount of effort it would take to gather that data. The Court therefore referred the question of burden to U.S. Magistrate Judge Craig B. Shaffer. (*Id.* at 5–6.)

3

During proceedings before Judge Shaffer, the EEOC narrowed its remaining requests to subpoena items 9 and 18(e). (ECF No. 49 at 5.) Judge Shaffer then evaluated Centura's claim of burden against the EEOC's contrary arguments and evidence. He found, for the most part, that Centura had not established an undue burden. (*Id.* at 9–13.) However, Judge Shaffer further found that "compliance with the full scope of items 9 and 18(e) would likely be unduly burdensome," and so he modified those items to reduce the number of employee files Centura was required to search. (*Id.* at 13–14.)

Judge Shaffer then noted that Centura continued to press its argument "that the EEOC has no right to conduct discovery directed at whether Centura engaged in a pattern or practice of discrimination as to other aggrieved persons, because it did not issue a formal pattern or practice charge." (*Id.* at 14.) Judge Shaffer recognized that the undersigned had already ruled on relevance and further consideration of it was beyond the scope of what this Court referred to him. (*Id.* at 14–15.) However, construing Centura's argument generously as an attack on proportionality under Federal Rule of Civil Procedure 26(b)(1),[1] Judge Shaffer found that the EEOC's requests were proportional to the dispute. (*Id.* at 14–15.) And, he expressly found that a May 2, 2017 e-mail from the EEOC's counsel to Centura's counsel, although it mentioned the desire to "gain an understanding of Centura's practices and procedures regarding the provision of reasonable accommodation," was not a concession that items 9 and 18(e) are relevant only to a pattern-or-practice investigation. (*Id.* at 15–16 (internal quotation

---

[1] Judge Shaffer noted that Rule 26(b)(1) applies to EEOC subpoenas by way of Rule 81(a)(5). (*Id.* at 7.)

marks omitted)).)

Judge Shaffer therefore ordered that the subpoena be enforced as to items 9 and 18(e), as modified by his undue burden analysis. (*Id.* at 21.) Centura filed a timely objection under Rule 72(a). (ECF No. 51.) The EEOC filed a response. (ECF No. 54.)

### III. ANALYSIS

As noted above (Part I), the standard by which this Court must review Judge Shaffer's ruling is "clearly erroneous or contrary to law." Quite surprisingly, those words appear nowhere in Centura's Objection. Indeed, Centura's Objection shows no awareness that anything like "clearly erroneous or contrary to law" is the standard of review, or even that there is a standard of review. Centura's Objection instead attempts to re-argue the entire question of whether the EEOC should be allowed to seek the subpoenaed information given that it has not brought a pattern-or-practice charge. (*See* ECF No. 51.)[2] In other words, Centura does not actually object to Judge Shaffer's ruling regarding undue burden.

Perhaps Centura instead hoped this Court would reconsider its prior order regarding relevance. If so, Centura does not cite the reconsideration standard either. But it makes one argument suggesting that it has the reconsideration standard in mind. Specifically, it refers to the EEOC's May 2, 2017 e-mail—the e-mail Judge Shaffer addressed in the context of proportionality—and argues that (1) the e-mail is an admission by the EEOC that it is conducting a pattern-or-practice investigation, and (2) "[e]vidence of the EEOC's intent to pursue plenary discovery for a pattern and

---

[2] To the extent Centura has tried to reframe this as a question of proportionality, the Court finds that this is really a backdoor attack on relevance.

5

practice investigation was not before this Court when it ruled prior to referring this matter to Magistrate [Judge] Shaffer for further proceedings." (*Id.* at 5.)  *Cf. Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) ("A motion to reconsider . . . should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." (internal quotation marks omitted; ellipses in original)), *aff'd*, 16 F. App'x 959 (10th Cir. 2001).

Even generously construing Centura's Objection as a motion to reconsider—despite Centura's failure to directly request reconsideration—the Court finds that it lacks merit.  Use of the words "practices and procedures" in an e-mail does not admit anything about a pattern-or-practice investigation.  Practices and procedures are as relevant to investigation of an individual charge as they are to a pattern-or-practice charge.  Thus, this argument (assuming Centura intended to make it) fails.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Centura's Objection (ECF No. 51) to Judge Shaffer's September 1, 2017 order (ECF No. 49) is OVERRULED;

2. As directed by Judge Shaffer, Centura shall produce the subpoenaed information and documents no later than **May 4, 2018**; and

3. The Clerk shall terminate this case.  The EEOC shall have its costs upon compliance with D.C.COLO.LCivR 54.1.

Dated this 4th day of April, 2018.

BY THE COURT:

_____
William J. Martinez
United States District Judge